[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 16, 1997
This is a summary process action. This court granted a temporary order restraining execution, after judgment by default for failure to file an appearance had entered, on the sworn allegation that the applicant Nora Violett, a co-defendant, had been told by a plaintiff, albeit indirectly, that she needn't do anything about the case until she received another court date. At the resulting hearing on the motion to open the judgment, CT Page 2581 evidence was presented on the issue of her failure to file an appearance, and I find that the evidence presented was not persuasive. I would not open the judgment on that ground.
At the hearing on the motion to open, however, the defendant Violett raised the issue of subject matter jurisdiction. The notice to quit addressed to Violett states as a reason "unauthorized occupancy." Although it is indeed true that it is sufficient to state substantially a reason authorized by §47a-23 (a) of the General Statutes, the phrase used is ambiguous because it could appear to refer to either of two reasons, and different consequences result, especially as to the stays allowed, depending on which of the two it is.[1] See §§47a-35, 36 and 39.
Because the notice to quit was impermissibly ambiguous, subject matter jurisdiction is lacking. Jefferson GardenAssociates v. Green, 202 Conn. 128 (1987); Lampasona v. Jacobs,209 Conn. 724, 730 (1989). Issues of subject matter jurisdiction, when raised at any time of the proceeding, must be considered by the court. Judgment may enter for the defendant Violett.
BEACH, J.